IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
September 14, 2021 Session

## STATE OF TENNESSEE EX REL. LARRY E. PARRISH, P.C. v. THE HONORABLE JAMES B. COX ET AL.

**Appeal from the Chancery Court for Lincoln County**
**No. 15282    Robert E. Lee Davies, Senior Judge**
_____

### No. M2021-00029-COA-R3-CV
_____

Appellant brought a mandamus action in the trial court praying that the court would mandate certain actions related to other litigation involving Appellant. The trial court dismissed the action. We affirm the court's dismissal and, finding the appeal to be frivolous pursuant to Tennessee Code Annotated section 27-1-122, remand the case for a determination of Appellees' damages incurred as a result of the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court**
**Affirmed and Remanded**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and CARMA DENNIS MCGEE, J., joined.

Larry E. Parrish, Memphis, Tennessee, for the appellant, Larry E. Parrish, P.C.

Herbert H. Slatery, III, Attorney General and Reporter, Andrée Sophia Blumstein, Solicitor General, and Laura Miller Wyatt, Assistant Attorney General, for the appellee, James B. Cox.

Jeffrey M. Beemer and Daniel D. Choe, Nashville, Tennessee, for the appellee, Rebecca Bartlett, Clerk & Master - Lincoln County Chancery Court.

## OPINION

### BACKGROUND AND PROCEDURAL HISTORY

The instant litigation was commenced by a petition for writ of mandamus filed by Appellant Larry E. Parrish, P.C. ("LEP") against James B. Cox ("Chancellor Cox"),

Chancellor for the Seventeenth Judicial District of Tennessee, and Lincoln County Chancery Court Clerk & Master Rebecca Bartlett ("Ms. Bartlett" or "Clerk & Master"). The petition referenced—and took issue with—other litigation involving LEP over which Chancellor Cox presided. This other litigation has been the subject of several appeals, including one that is currently pending before this Court. *See Larry E. Parrish, P.C. v. Strong*, No. M2020-01145-COA-R3-CV ("the Strong Lawsuit").

With respect to the Strong Lawsuit, LEP described in detail how certain funds at issue in that case were being held by the Clerk & Master, and it alleged that the status of the disputed funds had already been orally adjudicated in its favor in August 2014 and that only it had entitlement to the funds since that time. Accordingly, LEP further contended that several of Chancellor Cox's orders, which addressed the status of the funds post-August 2014, were *ultra vires* and void *ab initio*. In its prayer for relief, LEP requested that the court enter a judgment mandating that Chancellor Cox expunge the orders that were allegedly void *ab initio* and that the Clerk & Master disburse to LEP the funds which were being held. Both Ms. Bartlett and Chancellor Cox filed motions to dismiss the mandamus petition, and the case was eventually assigned to Senior Judge Robert E. Lee Davies.

LEP later filed an amended mandamus petition against Chancellor Cox and Ms. Bartlett, once again seeking relief in reference to the funds which were at issue in the Strong Lawsuit. According to LEP, "Chancellor Cox never had any jurisdiction of the [funds] because only Chancery Court had jurisdiction before, but not after, Chancery Court adjudicated the status . . . based on the findings of fact by Chancellor Cox." Again relying on the alleged oral ruling from August 2014 discussed in its initial petition, LEP contended that only it had any right to the funds post-August 2014. It submitted again that orders of Chancellor Cox that had addressed the status of the funds since that time were void *ab initio*. As for its desired relief, LEP contended that the trial court should mandate Chancellor Cox to apply his signature to a writing titled "a judgment or order," thereby memorializing the alleged previous oral ruling. In turn, LEP also prayed that the court would mandate the Clerk & Master to enter such an order after the application of Chancellor Cox's signature.

Following the filing of LEP's amended mandamus petition, both Chancellor Cox and Ms. Bartlett filed motions to dismiss it, and soon thereafter, the trial court entered an order dismissing the petition. In support of its dismissal, the trial court noted that the petition's quotation of Chancellor Cox's alleged oral ruling in the Strong Lawsuit was "incomplete and does not indicate what the court ultimately decided or directed to be done." Additionally, the trial court recounted the history of the Strong Lawsuit and noted that on May 28, 2020, a written order was entered granting a motion to disburse the funds, which was not in LEP's favor. The trial court observed that LEP's subsequent motion to alter or amend that order was denied and that the underlying case was currently on appeal.

In ultimately explaining why mandamus relief was not appropriate, the trial court provided the following analysis:

> [I]n the underlying suit before the Chancery Court, Plaintiff argued the same issues before Chancellor Cox in both his original response and in his motion to alter or amend, which the trial court denied. At oral argument, Plaintiff informed the Court that he has now appealed the Chancellor's ruling to the Court of Appeals. Thus, Plaintiff does have another adequate and complete method of obtaining relief on this very issue and as such, has failed to meet [a] required element for a writ of mandamus. Accordingly, the Court finds for this reason alone the petition should be dismissed.
>
> . . . .
>
> In its amended petition, Plaintiff is requesting this Court to direct Chancellor Cox to enter as a final order his comments on the record made back on August 29, 2014. Again, the purpose for this order is to set up a scenario whereby Plaintiff can then request the Court and ultimately the Clerk & Master to disburse the funds held by the Court to him.
>
> . . . .
>
> As the Court understands Plaintiff's argument, it is irrelevant that Chancellor Cox refused to enter the Plaintiff's proposed order regarding the proceedings on August 29, 2014 because the Chancery Court had lost jurisdiction as of September 28, 2014.[1] While this argument appears to be devoid of any merit, at the very least it is impossible for this Court to find that Plaintiff has a "clear and specific legal right to be enforced". Accordingly, the Court finds the petition has failed to satisfy [another] element required for a grant of writ of mandamus.
>
> It appears that Plaintiff is actually requesting this Court to find that both Chancellor Cox and the Court of Appeals erred in determining that the Chancery Court still retained jurisdiction to adjudicate the possession of the funds held by the Clerk & Master.

LEP later filed a motion to alter or amend, which the trial court denied. This appeal followed.

**DISCUSSION**

---

[1] Thirty days after the alleged oral ruling.

In its brief on appeal, LEP challenges the dismissal of its mandamus action. We review the trial court's order of dismissal de novo with no presumption of correctness. *Ralph v. Pipkin*, 183 S.W.3d 362, 367 (Tenn. Ct. App. 2005) (citing *Stein v. Davidson Hotel Co.*, 945 S.W.2d 714, 716 (Tenn. 1997)).

In arguing that the trial court's disposition of this matter was in error, LEP appears to take particular umbrage at the fact that other judicial proceedings were referenced by the court in its order of dismissal. Indeed, LEP argues that "the undeviating reality [is] that this Court is penned inside the Amended Complaint . . . with no openings from which to peer out." LEP's emphasis on this point is misplaced. It is well-settled law that courts may consider, among other things, items subject to judicial notice and matters of public record when ruling on a motion to dismiss without converting it into one for summary judgment. *See, e.g.*, *Cochran v. City of Memphis*, No. W2012-01346-COA-R3-CV, 2013 WL 1122803, at *2 (Tenn. Ct. App. Mar. 19, 2013).

We find no error in the trial court's decision to dismiss LEP's mandamus action. A writ of mandamus may only be issued by a court where the plaintiff's right to relief sought is clearly established, the defendant has a clear duty to perform the act at issue, and there is no other adequate and complete method of obtaining relief. *State ex rel. Metro. Gov't of Nashville & Davidson Cty. v. State*, 534 S.W.3d 928, 931 (Tenn. Ct. App. 2017). Mandamus is not the proper remedy if the right for which relief is sought is uncertain. *Id.* Moreover, mandamus lies to enforce ministerial acts, not to control a legislative or discretionary duty. *Id.* at 930.

Here, LEP seeks relief directly in relation to other litigation that is currently pending. In fact, the very order LEP has appealed in the Strong Lawsuit rules on the same underlying issue about which LEP presently urges mandamus relief to issue. The trial court opined that this alone demonstrated that LEP's claim for relief was without legal merit, as it concluded that LEP had another method of obtaining relief with regard to whether an order should be entered in its favor concerning the funds. We agree. Again, the order that LEP seeks to be entered in the Strong Lawsuit as a result of this mandamus litigation is one counter to the order it is currently appealing in the Strong Lawsuit. LEP therefore clearly has other means of potential recourse regarding the issue of the funds, which it is presently pursuing. We agree with the trial court that this alone warrants dismissal.

In our view, this appeal is a frivolous one, and we therefore find it appropriate to grant requests Chancellor Cox and Ms. Bartlett have made on appeal for damages under Tennessee Code Annotated section 27-1-122. LEP's arguments have no merit, and the present appeal represents little more than a continued collateral attack on Chancellor Cox's adjudication of an issue in the Strong Lawsuit. Again, Chancellor Cox's adjudication is directly at issue as raised by LEP in another appeal. Because that is the case, the propriety of the ordered disposition of the funds at issue is subject to definitive resolution elsewhere, making mandamus relief improper. Because we are of the opinion that this appeal is

frivolous, the case is remanded to the trial court for a determination of the damages Chancellor Cox and Ms. Bartlett have incurred as a result of the appeal, including attorney's fees, pursuant to Tennessee Code Annotated section 27-1-122.

## CONCLUSION

In light of the foregoing, the trial court's dismissal of LEP's mandamus action is affirmed, and the case is remanded for a determination of damages pursuant to Tennessee Code Annotated section 27-1-122.

s/ Arnold B. Goldin
ARNOLD B. GOLDIN, JUDGE
